**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Rodriguez, an individual, | No. CV-06-1495 PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| City of Mesa, et al., | |
| Defendants. | |

Defendant City of Mesa has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. #12. The City argues that Plaintiff has failed to state a claim against the City under 42 U.S.C. § 1983. For the reasons set forth below, the Court will deny the City's motion.

The Court may dismiss a complaint under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957). In ruling on a motion to dismiss, "all allegations are to be considered in a light most favorable to the plaintiff." *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*).

The City does not dispute that Plaintiff has alleged a violation of her constitutional rights. The only issue raised in the City's motion is whether Plaintiff has adequately alleged a factual basis to hold the City liable under § 1983.

For the City to be held liable under § 1983, Plaintiff must show (1) that she possessed a constitutional right of which she was deprived, (2) that the City had a policy, (3) that the

1 policy amounted to deliberate indifference to Plaintiff's constitutional rights, and (4) that the
2 policy was the moving force behind the constitutional violation. *Anderson v. Warner*, 451
3 F.3d 1063, 1070 (9th Cir. 2006).  There must also be a direct causal link between the policy
4 or custom and the injury suffered by Plaintiff, and Plaintiff must be able to demonstrate that
5 the injury resulted from a permanent and well-settled practice. *Id.*  A failure to train or
6 supervise can amount to a policy or custom sufficient to impose liability on the City. *Id.*

7      Plaintiff has alleged that she possessed a constitutional right of which she was
8 deprived, that the deprivation occurred pursuant to a City policy that permitted accused sex
9 offenders to transport inmates unsupervised, that this policy constituted deliberate
10 indifference to her constitutional rights, and that the policy resulted in her molestation by
11 Defendant Driver.  These allegations adequately state a claim under § 1983.  The Court
12 cannot conclude beyond doubt that Plaintiff could prove no set of facts to support of her
13 claim. *Conley*, 355 U.S. at 45.

14      **IT IS ORDERED** that the City's Motion to Dismiss (Doc. #12) is **denied**.

15      DATED this 25th day of August, 2006.

David G. Campbell
United States District Judge

- 2 -